IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



RAZMIK KHACHIKYAN                                                                        PLAINTIFF

CIVIL ACTION NO.: 1:18cv302HSO-JCG

ROBERT BEARDEN, INC., A GEORGIA
CORPORATION; ESTATE OF LEWIS PEAK, JR.,
BETTY J. PEAK, ADMINISTRATRIX;
AND JOHN/JANE DOE DEFENDANTS 1-5                                      DEFENDANTS

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW, RAZMIK KHACHIKYAN, Plaintiff, who files his Complaint against Robert Bearden, Inc., a Georgia Corporation; Estate of Lewis Peak, Jr., Betty J. Peak, Administratrix; and John/Jane Doe Defendants 1-5, and respectfully shows, in support of said Complaint, the following:

### PARTIES

1.     The Plaintiff, Razmik Khachikyan, ("Khachikyan"), is an adult resident citizen of Panorama City, Los Angeles County, California, residing at 8039 Matilija, Panorama City, CA 91402.

2.     The Defendant Robert Bearden, Inc., ("Bearden"), is a corporation organized and existing under of the laws of the state of Georgia with its principal place of business located at 2601 Industrial Park Drive, Cairo, Grady County GA 39828.  Bearden has appointed as its agent for service of process Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092, where it may be served with process in the manner and form required by law.

3. The Decedent, Lewis Peak, Jr., ("Peak"), departed this life on October 19, 2015, a resident of Lowndes County, Georgia. His Estate can be served with process by and through its Administratrix, Betty J. Peak, at her last known address of 119 Pear Street, Valdosta, GA 31601.

4. The Defendants, John/Jane Doe Defendants 1-5, are persons or entities whose identities are unknown to the Plaintiff, but whose state of residence, domicile and/or principle place of business is a state other than the state of Mississippi. Plaintiff reserves the right to amend these pleadings to name these Defendants when their identities are known.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is predicted on 28 U.S.C. Section 1332 in that it involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. Complete diversity exists between the Plaintiff and Defendants. Venue is proper in this Court.

## VICARIOUS LIABILITY

6. At all times pertinent hereto, Bearden acted by and through its agents and employees, including Peak, who acted within the course and scope of their employment and authority. Bearden is liable under the doctrine of respondeat superior for their conduct.

## CRASH SPECIFIC FACTS

7. On or about October 19, 2015 at approximately 4:30 p.m., Khachikyan was operating a 2005 Volvo tractor-trailer rig owned by Express Freight of Burbank, CA. Khachikyan was traveling east bound, in the middle lane, on Interstate 10, near Exit 16, in Hancock County, Mississippi. Khachikyan's trailer was loaded with ice cream to be delivered in Florida. At the same time, Peak was operating a 2013 Volvo tractor-trailer rig owned by Robert

Bearden, Inc. and traveling east bound in the middle lane of Interstate 10 behind the vehicle drive by Khachikyan.

8.  For unknown reasons, all three east bound lanes of traffic had come to a complete stop. Khachikyan brought his tractor-trailer rig to a complete stop in the middle lane. As he waited for the traffic to clear, in his side-view mirrors, he saw the 2013 Volvo tractor-trailer rig operated by Peak, approaching in his lane at a high rate of speed. As it became apparent that the 2013 Volvo tractor-trailer rig did not intend to and could not stop, Khachikyan looked for room to move left or right. Because vehicles were stopped in both lanes to his left and right, Khachikyan could not maneuver his rig to avoid the full, high speed impact from the 2013 Volvo tractor-trailer rig.

9.  Peak drove the 2013 Volvo tractor-trailer rig he was operating into the rear of the tractor-trailer rig operated by Khachikyan at a high rate of speed, pushing 2005 Volvo tractor-trailer rig operated by Khachikyan into the rear of a third tractor-trailer rig hauling corrosive material. It was an extremely violent and fiery collision.

10. After the collision, Khachikyan was trapped in his rig and could not exit. Another person broke his drivers-side window, which allowed him to escape.

11. At the point of impact, Peak also became entrapped in the cab of his tractor. The 2013 Volvo tractor was engulfed in flames. The rear tires of Khachikyan's trailer caught fire. Khachikyan and others tried to find a way to rescue Peak but could not. Khachikyan witnessed the horrific death of Peak, whom he was helpless to save.

## CLAIM FOR RELIEF

12. Peak had a duty to Khachikyan to operate the 2013 Volvo tractor-trailer rig in a reasonable and safe manner.

13. Peak failed to exercise reasonable care in the operation of his 2013 Volvo tractor-trailer, which was negligence. On information and belief, such negligence included the following:

   a. failure to exercise reasonable care to maintain a proper lookout;

   b. failure to exercise reasonable care in maintaining control of the tractor-trailer rig;

   c. failure to properly maintain the tractor-trailer rig equipment;

   d. driving without sufficient sleep and/or while under the influences of substances that impaired his ability to safely operate the tractor-trailer rig;

   e. driving while distracted;

   f. driving at an excessive rate of speed, under the circumstances and conditions then existing;

   g. failure to exercise reasonable care to maintain a proper view of the roadway to avoid colliding with the vehicle operated by Khachikyan;

   h. failure to take reasonable action to correct the course of the tractor-trailer rig, so as to avoid colliding with the vehicle operated by Khachikyan;

   i. following too close to the vehicle operated by Khachikyan;

  j. failure to follow federal and state law and regulations regarding the maintenance and operation of a tractor-trailer rig in interstate and intrastate commerce;

  k. such other specific acts of negligence, as may be shown by the evidence.

14. On information and belief, Peak violated state and federal laws which were enacted to protect the class of persons of which Khachikyan was a member from the type of harm that occurred in this collision, the violation of which proximately caused the injuries to Khachikyan. Such conduct was *negligence per se*.

15. Peak was at all times acting in the course and scope of his employment with Bearden and liability against Bearden is predicated on the doctrine of vicarious liability or master-servant, in addition to liability for its own wrongful conduct.

16. In addition to being vicariously liable for the negligent acts of Peak, the Defendant Bearden was, on information and belief, negligent through acts of omission and commission of other agents and servants, including, but not limited to, failure to properly maintain the subject tractor-trailer rig and equipment; negligent hiring and/or retention; negligent entrustment; failure to have or enforce policies regarding driver conduct while operating its trucks and other specific acts of negligence, as may be shown by the evidence.

17. On information and belief, Bearden violated state and federal laws which were enacted to protect the class of persons of which Khachikyan was a member from the type of harm that occurred in this collision, the violation of which proximately caused the injuries to Khachikyan. Such conduct was *negligence per se*.

18. On information and belief, the John/Jane Doe Defendants 1-5 were negligent and/or vicariously liable for the negligent conduct of others.

19. The negligent conduct of the Defendants was a substantial factor in causing and a proximate contributing cause of the collision and injuries to Khachikyan.

20. As a direct and proximate result of the negligent conduct of the Defendants, Khachikyan has suffered severe bodily injury to his back, lower extremities and other parts of his body generally. The injuries are permanent in nature and have had a serious effect on Khachikyan's health and well-being. The accident, specific injuries and their ill effects have, in turn, caused Khachikyan severe emotional injuries, requiring psychological treatment. The psychological damages caused additional physical manifestations in the form of skin rashes and lesions. These physical and mental conditions deteriorated generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Khachikyan to suffer consequences and ill effects of this physical and mental deterioration in the future. As a further result of the nature and consequences of his injuries, Khachikyan has suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future.

21. As a further result of all of the above, Khachikyan has incurred expenses for medical care and attention. The total amount of Khachikyan's medical expenses is unknown currently. These expenses were incurred for the necessary care and treatment of the injuries resulting from the crash. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

22. As a further result of the injuries sustained by Khachikyan, he will require additional medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

23. As a further result of the injuries sustained by Khachikyan, he suffered loss of income and will suffer additional losses in the future.

24. Khachikyan is entitled to the following compensatory damages:

   a. Past and future physical pain and suffering;
   b. Past and future mental and emotional anguish;
   c. Past and future medical expenses;
   d. Past and future, temporary and permanent physical impairment and/or disfigurement;
   e. Lost income or wages;
   f. Impairment of earning capacity; and
   g. Such other damages that may be shown by the evidence.

25. On information and belief, the Defendants were grossly negligent and acted in reckless disregard for the life and safety of others, including Khachikyan, such that punitive and exemplary damages should be imposed in an amount necessary to deter them and others from such conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that his Complaint be received and filed, the Defendants be summoned to appear and that the Court grant the following relief:

   a. Award compensatory damages proximately caused by the negligence of the Defendants in the sum of $1,000,000.00, or as may be shown by the proof;

  b. Award punitive or exemplary damages in an amount necessary to punish the Defendants and to deter them and others from engaging in such conduct in the future;

  c. Award attorney fees, pre-judgment and post judgment interest and costs of litigation; and

  d. Such other relief, either general or specific, to which he may be entitled in the premises.

Respectfully submitted on the 18th day of September 2018.

            RAZMIK KHACHIKYAN, Plaintiff

            _____
            By: Michael Holleman (MSBAR No. 2524)

Attorney for the Plaintiff:

Michael B. Holleman
MSBAR No. 2524
Holleman Law Firm, PLLC
MSBAR No. 2524
P. O. Box 1598
2004 24th Avenue
Gulfport, Mississippi 39502
Telephone: 228-868-0064
Fax: 228-868-0925
hollemanlawfirm@bellsouth.net